IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK WAYNE COLSTON,

                    **Plaintiff,**

    v.                                   CASE NO. 19-3199-SAC

THE HERSHEY COMPANY, et al.,

                    **Defendant.**

## MEMORANDUM AND ORDER

This matter is purported to be a civil rights action filed under 42 U.S.C. § 1983. Mr. Colston is a prisoner in the Cherokee County Jail in Columbus, Kansas, and he proceeds *pro se* and *in forma pauperis*. Plaintiff complains about an advertisement for Kit Kat candy bars, alleging it makes fun of disabled persons such as Plaintiff. Plaintiff seeks a broadcast apology, compensatory damages for his mental stress, and an amount based on Defendants' net worth to be donated to handicapped-based charities.

When a prisoner files a § 1983 action, a federal court must conduct an initial screening of the action. *See* 28 U.S.C. § 1915A(a). In conducting the screening, the court must identify any viable claim and must dismiss any part of the action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C § 1915A(b).

Having reviewed the complaint filed by Mr. Colston, the Court finds this action is legally frivolous and should be summarily dismissed. To state a claim under § 1983, a plaintiff "must

1

show that the alleged (constitutional) deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists. See *Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Mr. Colston names two defendants, The Hershey Company USA and Societe des Produits Nestle S.A. Neither defendant is a state actor or acting under color of state law and consequently cannot be held liable under § 1983. The Court thus finds Plaintiff's claims legally frivolous and subject to summary dismissal.

For this reason, Plaintiff's complaint is dismissed.

**IT IS THEREFORE ORDERED** that this action is summarily dismissed as legally frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial initial filing fee adjustment (ECF No. 4) is denied as moot.

**IT IS SO ORDERED.**

**DATED:** This 25th day of October, 2019, at Topeka, Kansas.

                                    **s/ Sam A. Crow**
                                    **SAM A. CROW**
                                    **U.S. Senior District Judge**